IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
JUL 3 1 2007
Phil Lombardi, Clerk
U.S. DISTRICT COURT

1. AXIA INVESTMENT MANAGEMENT, )
   INC., an Oklahoma corporation; and )
2. BOK FINANCIAL CORPORATION, )
   an Oklahoma corporation, )
   )
              Plaintiffs, )
   )
v. )
   )
1. AXA, a French limited liability company; )
2. AXA ADVISORS, L.L.C., a Delaware )
   limited liability company; )
3. AXA NETWORK, L.L.C, a Delaware )
   limited liability company; )
4. AXA FINANCIAL INC., a Delaware )
   corporation; )
5. AXA PRIVATE EQUITY US, LLC, a )
   Delaware limited liability company; and )
6. AXA INVESTMENT MANAGERS, )
   INC., a Delaware corporation, )
   )
              Defendants. )

07 CV - 4 2 0 JHP - FHM

Case No.

COMPLAINT FOR DECLARATORY
JUDGMENT OF NON-INFRINGEMENT
AND NO DILUTION

## COMPLAINT

This is the Complaint of AXIA Investment Management Inc., an Oklahoma corporation ("AXIA-IM") and BOK Financial Corporation, an Oklahoma corporation (with AXIA-IM, the "Plaintiffs" or "BOKF"), against AXA, a French limited liability company (the "Parent Company"), AXA Advisors, L.L.C., a Delaware limited liability company, AXA Network, L.L.C., a Delaware limited liability company, AXA Financial, Inc., a Delaware corporation, AXA Private Equity US, LLC, a Delaware limited liability company, and AXA Investment Managers, Inc., a Delaware corporation (collectively, the "Defendants" or "AXA"). This complaint does not relate to any other case previously filed in this Court. For its complaint against AXA, BOKF alleges:

## THE PARTIES

1. Plaintiffs are corporations organized under the laws of the State of Oklahoma, each having a principal place of business in Tulsa, Oklahoma, which is within the Northern District of Oklahoma. Plaintiffs are, and were at all times herein mentioned, qualified to do business in Oklahoma. Plaintiffs offer financial services including equity, fixed-income and cash management strategies to taxable and tax-exempt institutional and individual clients throughout the United States.

2. The Parent Company is a French limited liability company, with a principal place of business in Paris, France. Based on information and belief, the Parent Company is a holding company within a complex, multitiered international group of insurance and related financial services companies, which advertises and offers services via the Internet to customers within the jurisdiction of this Court. On information and belief, the Parent Company through the Internet and by directed affiliates regularly does business in Oklahoma.

3. Defendants AXA Advisors, L.L.C. and AXA Network, L.L.C. are limited liability companies organized under the laws of Delaware. AXA Advisors, L.L.C. and AXA Network, L.L.C. are registered to do business in Oklahoma and, on information and belief, regularly do business in Oklahoma.

4. AXA Financial, Inc., AXA Private Equity US, LLC and AXA Investment Managers, Inc. (collectively with AXA Advisors, L.L.C. and AXA Network, L.L.C., the "Subsidiaries") are organized under the laws of Delaware. Based on information and belief, the Subsidiaries do business, advertise and provide wealth protection, asset management, and

financial planning strategies to individuals and businesses in Oklahoma, including in the Northern District of Oklahoma.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this court because this litigation arises under federal law, namely, 17 U.S.C. § 1051 et seq. (the Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (trademarks). This action is brought under 28 U.S.C. § 2201 (Declaratory Judgment Act).

6. Jurisdiction over common law trademark claims in this litigation is proper in this Court under 28 U.S.C. § 1367 because they are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy.

7. The Court has personal jurisdiction over the Defendants because Defendants, on information and belief, conduct business in the State of Oklahoma and within this district, including the advertising and sale of their services through the Internet to Oklahoma residents.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d).

9. The events giving rise to the claims stated herein occurred primarily in Tulsa, Oklahoma.

10. An actual case or controversy has arisen between the parties. The Parent Company has threatened litigation against Plaintiffs, and has asserted that Plaintiffs' use of the marks "AXIA," "AXIA Investment Management," and "AXIA Investment Management (with design) (collectively, the "Marks") constitutes trademark infringement. These statements threaten injury to BOKF.

## GENERAL ALLEGATIONS

11. Plaintiff BOKF is the owner of U.S. Trademark Application Serial No 78876667 for "AXIA Investment Management" (with design), which has been allowed for registration on the U.S. Principal Register.

12. AXIA Investment Management, Inc. is a Registered Investment Adviser that offers a variety of financial services, including equity, fixed-income and cash management strategies to taxable and tax-exempt institutional and individual clients throughout the United States. As of June 30, 2007, the firm managed $6.1 billion in assets. It also provides research, trading and investment recommendations for another $2.9 billion of institutional and individual equity and fixed-income assets managed independently by BOKF and its subsidiaries. BOKF uses the Marks to advertise and in the course of offering its services.

13. "AXIA" is a word in the Greek language. The word "AXIA" translates from Greek to mean "value, value-added, worth, worthiness". "AXIA" describes AXIA-IM's core purpose: providing true value to investors in the investment industry. AXIA-IM is proud to have its name reflect its core belief that, above all, an investment management firm should always "add value" for its investors. This core belief is communicated to AXIA-IM's clients by an explanation of the meaning of AXIA.

14. On July 18, 2007, BOKF received a letter via fax from William F. Herbert, an attorney at Staas & Halsey LLP, counsel to the Parent Company. A copy of that letter is attached as Exhibit A hereto. Mr. Herbert claimed that Plaintiffs' use of the Marks infringes and dilutes the Parent Company's registered trademarks.

15. Mr. Herbert claimed that the Parent Company is the registered owner of the following service marks listed with the United States Patent and Trademark Office ("USPTO"): AXA INVESTMENT MANAGERS, Reg. No. 2,337,424; AXA, Reg. No. 1,679,597; AXA, Reg. No. 2,072,157; AXA, Reg. No. 2,416,704; AXA, Reg. No. 2,118,193; AXA, Reg. No. 2,693,952; AXA FINANCIAL, Reg. No. 2,522,000; AXA ADVISORS, Reg. No. 2,546,263; AXA ADVISORS, Reg. No. 2,546,262, AXA FINANCIAL, Reg. No. 2,546,261; AXA NETWORK, Reg. No. 2,691,402; AXA PRIVATE EQUITY, Reg. No. 2,837,673; AXA PRIVATE EQUITY, Reg. No. 2,942,802; AXA RE, Reg. No. 2,230,078; AXA DIRECT, Reg. No. 2,696,949; AXA ASSISTANCE, Reg. No. 2,511,513; AXA CORPORATE SOLUTIONS, Reg. No. 2,871,993; and AXA ART, Reg. No. 2,987,693.

16. Mr. Herbert demanded that BOKF "immediately cease and desist from all further use of 'AXIA,' 'AXIA Investment Management,' and any other similar trade name or trademark. . . ." Mr. Herbert also demanded that his firm receive BOKF's written assurance that it agrees to the Parent Company's demand to cease and desist by August 2, 2007. The letter threatened that if BOKF fails to comply with the demands, "AXA will, without further notice, take such legal action as it deems advisable pursuant to its statutory and common law rights. . . ."

17. BOKF's use of the Marks do not infringe or dilute AXA's marks.

## CLAIMS FOR RELIEF

18. BOKF incorporates by reference the allegations contained in paragraphs 1 through 17, inclusive.

19. AXA has claimed that BOKF's use of the Marks constitute trademark infringement and dilution, and has threatened to bring a lawsuit against BOKF on this basis.

20. An actual, present and justiciable controversy has arisen between BOKF and AXA concerning BOKF's right to use the Marks.

21. BOKF seeks declaratory judgment from this Court that its use of the Marks does not constitute trademark infringement or dilution.

## PRAYER FOR RELIEF

WHEREFORE, BOKF respectfully request that the Court:

22. Enter judgment according to the declaratory relief sought;

23. Award BOKF its costs in this action;

24. Enter such other further relief to which BOKF may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, BOKF hereby demands a jury trial on all issues so triable.

Dated: July 31, 2007

Respectfully Submitted,

*/s/ Frederic Dorwart*

Frederic Dorwart, OBA No. 2436
J. Michael Medina, OBA No. 6113
Penina Michlin Chiu, OBA No. 21493
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
Tel: (918) 583-9922
Fax: (918) 583 8251

# STAAS  HALSEY LLP

*Intellectual Property Attorneys*
1201 New York Avenue, N.W.
7th Floor
Washington, D.C. 20005
Tel 202.434.1500
Fax 202.434.1501
http://www.staasandhalsey.com

**Partners**
Harry John Staas
David M. Pitcher
John C. Garvey
J. Randall Beckers
William F. Herbert
Richard A. Gollhofer
Mark J. Henry
Paul I. Kravetz
Gene M. Garner II

**Senior Advisor**
James D. Halsey, Jr.

**Associates**
Stephen T. Boughner*
Mehdi Sheikerz
Michael J. Badagliacca*
Darleen J. Stockley*
Paul W. Bobowiec
Temnit Afework
Michael E. Kondoudis*
Deidre M. Davis*
Reginald D. Lucas
Paul F. Daebeler
Gregory W. Harper
Thomas L. Jones*
Alexander H. Butterman
Thomas E. McKiernan
Kari P. Footland*
Aaron C. Walker*
James J. Livingston, Jr.*
David J. Cutitta*
David E. Moore*
Matthew H. Polson*
Ajay S. Pathak
Ameet I. Patel*
Joseph W. Iskra
Michael A. Leonard II*

**Reg. Patent Agents**
Derrick L. Fields
Luminita A. Todor, PhD

*limited to matters and proceedings before federal courts and agencies, including the U.S. Patent and Trademark Office

July 18, 2007

**VIA FACSIMILE (918)-583-8251**
**(ORIGINAL BY FEDERAL EXPRESS)**

Ms. Penina Michlin Chiu
Frederic Dorwart, Lawyers
Old City Hall, 124 East Fourth Street
Tulsa, Oklahoma 74103

**CONFIRMATION**

Re: Infringement of AXA's Marks
Our Docket: 1318.4014

Dear Ms. Chiu:

We are intellectual property counsel for AXA of Paris France. We understand that you are trademark counsel for BOK Financial Corporation of Tulsa, Oklahoma ("BOK"), parent of AXIA Investment Management, Inc. ("AXIA").

AXA, one of the world's largest corporations, and a world leader in providing financial and insurance services, is the owner of the following U.S. Service Mark Registration Nos., many of which has obtained incontestable status:

2,337,424 for AXA INVESTMENT MANAGERS

1,679,597 for AXA

2,072,157 for AXA

2,416,704 for AXA

2,118,193 for AXA

2,693,952 for AXA

2,522,000 for AXA FINANCIAL

2,546,263 for AXA ADVISORS

2,546,262 for AXA ADVISORS

2,546,261 for AXA FINANCIAL

2,691,402 for AXA NETWORK

2,837,673 for AXA PRIVATE EQUITY

Exhibit "A"

**STAAS**  **HALSEY** LLP

Ms. Penina Michlin Chiu
July 18, 2007
Page 2

2,942,802 for AXA PRIVATE EQUITY

2,230,078 for AXA RE

2,696,949 for AXA DIRECT

2,511,513 for AXA ASSISTANCE

2,871,993 for AXA CORPORATE SOLUTIONS

2,987,693 for AXA ART

AXA has, since at least 1998, used and promoted the mark "AXA" extensively in the U.S. for various services, including financial advisory, financial portfolio management, mutual fund investment and insurance. As a result, AXA has acquired substantial and exclusive rights nationwide in these marks, has developed a reputation for quality financial services provided under these marks and, it is believed, the mark "AXA" qualifies as a famous mark.

It has come to AXA's attention that AXIA has begun using the marks "AXIA" and "AXIA Investment Management" in promoting the same and similar services, including equity, fixed-income and cash management strategies to institutional and individual clients throughout the U.S., and mutual funds, as well as research, trading and investment recommendations for institutional and individual equity and fixed-income assets managed by BOK.

It has also come to AXA's attention that BOK has pending an application for federal registration of "AXIA Investment Management" (plus logo, with "Investment Management" disclaimed), and that a Statement of Use has been filed therein.

AXA considers this use of the marks "AXIA" and "AXIA Investment Management", which are similar to the mark "AXA", particularly phonetically, for the same services, to be likely to lead to customer confusion as to the source of the services, and therefore an infringement of AXA's trademark rights, and also dilutes the AXA mark.

For these reasons, AXA demands that your client immediately cease and desist from all further use of "AXIA", "AXIA Investment Management", and any other similar trade name or mark, including, but not limited to, taking immediate steps to delete these marks from any advertising or other promotional materials, such as websites. In addition, AXA demands that your company expressly abandon the pending application for federal registration.

AXA further demands that our firm receive your client's written assurance that it agrees to these to these demands by **August 2, 2007**. If you fail to advise us in writing by this date of such agreement, AXA will, without further notice, take such legal action as it deems advisable, pursuant to its statutory and common law rights, to obtain an immediate injunction, to recover profits, damages for willful infringement, attorneys fees and any

# STAAS  HALSEY LLP

Ms. Penina Michlin Chiu
July 18, 2007
Page 3

costs related thereto, and to otherwise protect its interests, including seeking to cancel any registration that may issue for your client's mark(s).

This letter is without prejudice to any claim for past damages which AXA has already suffered through your client's unlawful activities in connection with its use of the above-identified marks.

We look forward to receiving your written response in a timely manner.

Very truly yours,

William F. Herbert

WFH